# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JIM NAVARRO,

    Plaintiff,

v.

SOCIAL SECURITY DISTRICT OFFICE, et al.,

    Defendants.

Case No. 2:05-CV-01031-KJD-GWF

**ORDER**

    Presently, the Court has before it Defendants' Motion to Dismiss (#16) filed on November 13, 2006. More than fifteen days have passed and Plaintiff has failed to file a response in opposition to the motion.[1] Failure to oppose a motion constitutes consent to its granting. See D. Nev. R. 7-2(d). Moreover, a review of Defendants' motion reveals that dismissal is warranted. Plaintiff's Complaint against Defendants Peter Spencer, Barbara Salzman, and Justin Evarts must be dismissed because Plaintiff did not properly serve them thereby depriving the Court of jurisdiction over them. See Fed. R. Civ. P. 4(e), (i), (m); Reynolds v. United States, 782 F.2d 837, 838 (9th Cir. 1986). Also, to the

---

[1] On November 22, 2006, Plaintiff did file a letter (#19) with the Clerk's Office indicating his displeasure regarding the United States Attorney Office's September 12, 2006 Motion to Extend the Time to File a Responsive Pleading to Plaintiff's Complaint (#10). Nowhere in this letter does Plaintiff address Defendants' Motion to Dismiss.

1  extent Plaintiff brings this § 1983 action against the federal government it lacks merits because
2  § 1983 only applies to acts taken under color of state law.  See 42 U.S.C. § 1983; <u>Gibson v. United
3  States</u>, 781 F.2d 1334, 1343 (9th Cir. 1986).  Finally, Plaintiff failed to exhaust his administrative
4  remedies set forth in 42 U.S.C. § 405(g) and the implementing regulations, thus depriving the court
5  of jurisdiction over his social security claims.  See <u>Hoye v. Sullivan</u>, 985 F.2d 990, 991 (9th Cir.
6  1992).

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss(#16) is **GRANTED**.

IT IS FURTHER ORDERED that Plaintiff's Complaint (#4) is **DISMISSED**.

DATED this 8th day of December 2006.

_____
Kent J. Dawson
United States District Judge